THE GERMAN FIRE INSURANCE COMPANY v. CHRIS-
TIANA SCHROEDER *et al.*

WITNESS—*Impeachment—Evidence of Contract.* Declarations and state-
ments made by an agent of an insurance company, in conversations
with others, that "he had accepted a risk;" that "he had taken a pre-
mium note;" that "the policy was not issued on account of his neg-
ligence," can be used as impeaching evidence in cases when the agent
testifies, and his attention is called to the time at which, the place
where and persons with whom these conversations occurred, and he
denies them; but a party who brings an action against an insurance
company on a verbal contract cannot make his case in chief by prov-
ing such statements and declarations by other persons.

### *Error from Sedgwick District Court.*

ACTION by *Christiana Schroeder* and others against the
*German Fire Insurance Company* on a contract of insurance.
Verdict and judgment for plaintiffs, June 19, 1889. Defend-
ant brings error.

*E. F. Ware,* for plaintiff in error.

*J. D. Houston,* and *W. H. Boone,* for defendants in error.

Opinion by SIMPSON, C.: The defendants in error com-
menced this action against the plaintiff in error to recover
damages occasioned by the destruction of her property, in the
village of St. Mark, in Sedgwick county, on a contract of
insurance made with the company on the 9th day of July,
1887. The house was burned on the 30th day of July, 1887.
No policy was ever issued. The defendant below claimed
that the application was never approved or acted upon by the
home office, as required by the terms of all policies issued by
this company; and also claims that the premium was never
paid, or offered to be paid. Eno, a co-plaintiff below, is a
mortgage creditor of Mrs. Schroeder. At the trial in the dis-
trict court a jury returned a general verdict for Mrs. Schroe-
der for $763.46, with interest at 6 per cent. from October 2,

1887, and returned answers to the following special interrogatories, to wit:

"1. When was the note the plaintiff Schroeder give to A. B. Sutherland due? Ans. 21 days after date.

"2. Was said note paid before the fire occurred, on July 30, 1887? A. No.

"3. Was the application made by the plaintiff and handed by Sutherland to Warren Foster approved by the home office of the defendant at Peoria, Ill., before the destruction by fire of the property claimed to be owned by plaintiff in the case? A. Yes."

The particular facts are, that before January 1, 1887, a real-estate firm, composed of Warren Foster and A. B. Sutherland, as Foster & Sutherland, was located and doing business at the town of Goddard, 15 miles west of the city of Wichita. Foster had been for some time the agent of the insurance company. Sutherland held no agency, but occasionally solicited insurance and got a "divide" with Foster, when he brought Foster a desirable application. After the dissolution of the partnership, both Foster and Sutherland, but not as partners, were doing a real-estate business in Wichita. Early in July, 1887, Sutherland came into Foster's office at Wichita, with an application from Mrs. Schroeder to have her property in St. Mark insured, but no action was then taken on the application, because it showed that the property was mortgaged, and did not show the name of the mortgagee. At the time Sutherland received the application from John Schroeder to insure the property of the defendant in error, he executed and delivered a promissory note for $16 to Sutherland. The time at which this note was made in terms payable is uncertain, but it was to be paid when the policy was delivered. Foster, the agent of the company, swore that he never saw the note. At the trial several witnesses were produced, who testified to declarations and admissions made by Foster, at various times, to the effect that he had accepted the note; that he had approved the application; that he had reported the matter to the company in his daily report; and that the policy was not issued

by reason of his neglect. Foster was called as a witness twice, but his attention was not called in the cross-examination to these alleged statements. The insurance company complains of the admission of these declarations. Mrs. Schroeder swore that she constituted her husband agent to procure this insurance. He swore to his agency for his wife. The insurance company complains of this, and claims that agency cannot be created in that manner by wife and husband. Other complaints are made.

It is useless to attempt a discussion of the various questions raised by the exceptions of the plaintiff in error, as the judgment must be reversed on account of the admission of improper testimony. The plaintiff below, to make her case, put witnesses upon the stand who testified to conversations with the agent of the insurance company after the fire, in which he stated that the application was accepted; the promissory note taken; and that the policy would have been issued if it had not been for his negligence. The agent was not called upon to testify on these subjects; was not interrogated as to these statements, or his attention called to time, place, person, and words; in fact, was not examined by the plaintiff in chief, except, perhaps, to identify a copy of the usual policy of the company and to establish his agency. This class of evidence could in any event be only used for the purpose of impeaching the agent, if he had testified in chief. Its admission, under the circumstances, was not only erroneous, but aggravating. The testimony of Bunnell is particularly violative of all the rules of evidence, as he recited conversations he had with Foster, Sutherland, and Schroeder, at various times, but fixed the date of all of them after the fire.

The error is so manifest that we recommend that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.